## Silas Bowen *v.* Caleb Hall.

Those provisions of the statute, which authorize the taking of depositions by a justice of the peace, evidently contemplate, that the suit, for which a deposition is taken, shall be pending at the time of the taking, and that it will, in regular course, be before the court named in the caption, at the time, or term, designated for the trial.

Where a deposition was taken by a justice of the peace, to be used in a suit at a term of the county court named in the caption, and the suit, at the time the deposition was taken, was pending in the supreme court, upon exceptions, and could not, in regular course, be pending in the county court at the term named in the caption, it was held, that the justice had no power to take the deposition.

In this case the defendant, on trial, offered the deposition of Eunice Parker, to which the plaintiff objected. The deposition was taken by a justice of the peace, in August, 1847, to be used, as stated in the caption, at the ensuing September Term of Rutland county court. The cause had been tried by a jury at a term of the

county court previous to the February Term, 1847, of the supreme court for the county of Rutland, and a verdict rendered for the plaintiff, and had been carried to the supreme court by the defendant upon exceptions. At the February Term, 1847, of the supreme court the case was argued, and at the February Term, 1848, of that court, without farther argument, a new trial was granted, and the case came to the county court, April Term, 1848.

The county court, September Term, 1848,—HALL, J,, presiding, —excluded the deposition. Exceptions by defendant,

*S. Foot* and *S. H. Hodges* for defendant.

*Thrall & Smith* and *R. Pierpoint* for plaintiff.

The opinion of the court was delivered by

ROYCE, Ch. J. The case, as now presented to this court, involves the single question, whether the deposition of Eunice Parker was rightly excluded. We should doubtless be warranted in affirming that decision, on the ground that the testimony of the witness does not appear, from the case as certified, to have been at all material, or even pertinent, to the issue on trial. But as this point has not been made in the argument, and the defect might probably be supplied by amendment of the case, it will be assumed, that the deposition should have been received, unless it was legally inadmissible by reason of the time and manner of taking it,

Those provisions of the statute, which authorize the taking of depositions by a justice of the peace, evidently contemplate, that the suit, for which a deposition is taken, shall be pending at the time of the taking, and that it will, in regular course, be before the court named in the caption, at the time or term designated for the trial. And such has always been the construction. Depositions may accordingly be taken by a justice after the suit is commenced by service of the writ, and before its entry in court, and after the appeal of a suit, and before its entry in the appellate court; because, in each case, the action, in the usual and legal course, will be in the court, to which it is brought, or appealed, at the time mentioned in the caption for the trial. But in this instance the cause was not pending in the county court, when the deposition was

taken, nor could it then be known, that it ever would be;—the parties might at least as well have expected it to be finally determined in the supreme court, where it was then pending on exceptions. We are therefore satisfied, that the justice had no authority to take the deposition; and that the party should have applied to a judge of the supreme or county court, under other provisions of the statute.

Judgment of county court affirmed.